| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| GLEN LEON GUY, | Case No. 2:21-cv-00823-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| JOSEPH BICK, *et al.*, | ECF No. 3 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) PROCEED ONLY WITH HIS EIGHTH AMENDMENT AND STATE LAW NEGLIGENCE CLAIMS AGAINST DEFENDANTS BICK, HARF, AND SAUKHLA; OR |
| | (2) FILE AN AMENDED COMPLAINT |
| | ECF No. 1 |
| | SIXTY-DAY DEADLINE |

Plaintiff alleges that defendants violated his Eighth Amendment rights by failing to provide him with pain medication after his shoulder surgery. ECF No. 1 at 6-9. Plaintiff also asserts state law negligence claims against all defendants based on the same failure. *Id.* at 13-14. His allegations are cognizable against all defendants except Harper. Plaintiff may choose to proceed only with his claims against defendants Bick, Harf, and Saukhla, or he may file an amended complaint. I will grant plaintiff's applications to proceed *in forma pauperis*. ECF No. 3.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, on June 13, 2019, he underwent shoulder surgery to repair a labral tear at Sonoma Valley Hospital. ECF No. 1 at 6. He claims that, after the procedure was complete and the anesthetic began to wear off, he began to experience increasing pain. *Id.* Defendant Harf, the operating surgeon, declined to prescribe any pain medication and explained

2

that defendant Bick, the chief medical executive at the California Medical Facility, had ordered that none be provided. *Id.* Plaintiff returned to prison and, still in pain, requested medication from defendant Harper, a registered nurse. *Id.* Harper explained that he could not prescribe medication, but would try to accelerate an appointment with defendant Saukhla, plaintiff's primary care provider. *Id.* at 6-7. Plaintiff saw Saukhla on June 19, and the provider explained that no pain medication could be prescribed because of prison policy. *Id.* at 8.

The foregoing allegations, taken as true, state cognizable Eighth Amendment claims for medical deliberate indifference against defendants Bick, Harf, and Saukhla. Plaintiff's state law negligence claims against these three defendants may also proceed. The claims against Harper are not cognizable because plaintiff does not allege that it was within that defendant's power to treat his medical needs. As a registered nurse, Harper could not prescribe pain medication on his own. Nor is there any allegation that Harper had any ability to influence the medical decisions of doctors Bick and Saukhla.

Plaintiff may choose to proceed only with his claims against Bick, Harf, and Saukhla. If he chooses to do so, he should voluntarily dismiss his claims against Harper.[1] Alternatively, he may delay serving any defendant and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 3, is granted.

---

[1] If plaintiff refuses to do so, I will recommend that Harper be dismissed.

3

2. Within sixty days from the service of this order, plaintiff must either advise the court he intends to proceed only with the cognizable claims against defendants Bick, Harf, and Saukhla (and dismiss his claims against Harper) or file an Amended Complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: June 29, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE