UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN LEON GUY,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH BICK, *et al.*,<br><br>    Defendants. | Case No. 2:21-CV-00823-WBS-JDP (PC)<br><br>FINDING AND RECOMMENDATION THAT DEFENDANT HARF'S MOTION TO DISMISS BE DENIED<br><br>ECF No. 24<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding without counsel in this action under 42 U.S.C. § 1983, alleges that defendants violated his Eighth Amendment rights when they denied him treatment for pain following shoulder surgery. Defendant Harf, who performed the surgery under contract with the California Department of Corrections and Rehabilitation ("CDCR"), moves to dismiss plaintiff's claims against him, arguing that he acted pursuant to instruction or policy set by defendant Bick, and thus did not act with deliberate indifference. ECF No. 24. This argument is unpersuasive, and I recommend that his motion be denied.

1

**Legal Standards**

  A.  **Motion to Dismiss**

  "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

  The court construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

  B.  **Eighth Amendment Deliberate Indifference to Medical Needs**

  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-prong test for deliberate indifference requires a plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the

1  need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d
2  1050, 1059 (9th Cir. 1992)).

3  "This second prong—defendant's response to the need was deliberately indifferent—is
4  satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible
5  medical need and (b) harm caused by the indifference." *Id*. (citing *McGuckin*, 974 F.2d at 1060).
6  Indifference may be manifest "when prison officials deny, delay or intentionally interfere with
7  medical treatment, or it may be shown by the way in which prison physicians provide medical
8  care." *Id*. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051,
9  1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the
10 facts from which the inference could be drawn that a substantial risk of serious harm exists,' but
11 that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer v. Brennan*, 511 U.S.
12 825, 837 (1994)). "If a prison official should have been aware of the risk, but was not, then the
13 official has not violated the Eighth Amendment, no matter how severe the risk." *Id*. (quoting
14 *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

15 **Background**

16 Plaintiff alleges that on June 13, 2019, defendant Harf—an orthopedic surgeon at Salinas
17 Valley Hospital—performed surgery on his shoulder to repair a torn labrum. ECF No. 1 at 6.
18 While still in the recovery room, plaintiff began to experience increasing post-surgery pains as
19 his anesthetic wore off, prompting him to request pain medication from Harf. *Id*. Harf allegedly
20 "chuckled, and then informed plaintiff that 'your doctor at the prison, ah doctor Bick, ordered
21 me not to prescribe any pain management per policy.'" *Id*. According to plaintiff, Harf added,
22 "you are going to be in extreme pain, there's nothing that I can do about that." *Id*. Upon
23 returning to the prison, the attending nurse reviewed Harf's discharge instructions and—noting
24 that "there's no recommendation for pain medication"—declined to treat plaintiff's "extreme
25 pain." *Id*. at 6-7. Six days later, plaintiff's primary care provider, defendant Saukhla, informed
26 him that he would not be provided pain medication due to prison policy. *Id.* at 7. Responding to
27 plaintiff's subsequent grievance, defendant Bick wrote "your surgeon did not order any pain
28 medication. We apologize that you experienced this postoperative pain." ECF *Id. at* 7, 22.

1     Plaintiff brought this action against defendants Bick, Saukhla, and Harf, alleging that
2 they were deliberately indifferent to his medical needs in violation of the Eighth Amendment
3 and that they were negligent under California law.  Defendant Harf moves to dismiss under Rule
4 12(b)(6) for failure to state a claim.

**Analysis**

6     At the outset, I note that defendant Harf's challenge to the sufficiency of plaintiff's
7 allegations necessarily requires reconsideration of June 20, 2021 screening order, which found
8 that plaintiff adequately pled Eighth Amendment and negligence claims against all defendants
9 other than former-defendant Harper.  ECF No. 10.  Nothing in Harf's motion warrants
10 reconsideration of that finding.

11     According to the complaint, Harf performed plaintiff's shoulder surgery and then
12 declined to prescribe him pain medication.  Harf argues that this conduct does not amount to
13 deliberate indifference to plaintiff's serious medical needs because he acted at the direction of
14 defendant Bick.  ECF No. 24.  This argument is unpersuasive.  He "cite[s] no authority for the
15 proposition that 'following policy' is an absolute defense to a deliberate indifference claim."
16 *Baca v. Biter*, No. 1:15-CV-01916-DAD-JDP, 2019 WL 1353707, at *1 (E.D. Cal. Mar. 26,
17 2019).  Indeed, the fact that he based his decision entirely on administrative policy or instruction
18 from defendant Bick—rather than his own medical judgment—supports an inference that he was
19 deliberately indifferent to plaintiff's medical needs.  *See Colwell v. Bannister*, 763 F.3d 1060,
20 1063 (9th Cir. 2014) ("[T]he blanket, categorical denial of medically indicated surgery solely on
21 the basis of an administrative policy . . . is the paradigm of deliberate indifference.").  Although
22 Harf may have been in a difficult position, "as a medical provider [he] could not merely rely
23 upon following a policy when following it, as here, would result in denying plaintiff necessary
24 pain medication."  *Franklin v. Dudley*, No. 2:07-CV-2259-KJM-KJN, 2011 WL 2493770, at *5
25 (E.D. Cal. June 22, 2011) (denying qualified immunity to a physician's assistant who enforced a
26 prison's no-narcotics policy by refusing to prescribe a stronger pain reliever than Tylenol, and
27 explaining that "[a] blanket policy denying narcotic pain medication to inmates in the general

population regardless of medical need . . . is 'patently violative of fundamental constitutional principles'") (quoting *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994)).

Harf argues that, even if not an absolute defense, his statement that "[plaintiff's] pain management would be handled by Dr. Bick and CMF" indicates that he was not deliberately indifferent. ECF No. 24 at 7. But Harf does not provide support for that assertion. The only statement attributed to Harf in the complaint reads: "'Your doctor at the prison, ah doctor Bick, ordered not to prescribe any pain management for you per policy. You are going to be in 'extreme' pain, there's nothing that I can do about that, it would subside eventually.'" ECF No. 1 at 6. The complaint adds that Harf informed plaintiff that he would "send follow up instructions back to the prison." *Id.* Plaintiff's allegations indicate that Harf knew that his actions were already causing plaintiff pain and would cause him further extreme pain. Intentionally refusing to provide pain medication to a prisoner recovering from surgery—even for short periods—constitutes a violation of the Eighth Amendment. *See Looman v. Wick*, 329 F. App'x 729 (9th Cir. 2009) (denying summary judgment to doctor who withheld pain medication from a prisoner-plaintiff for eight hours on the day after the plaintiff's hernia surgery); *Franklin*, 2011 WL 2493770, at *5.

Defendant Harf also argues that the complaint does not allege that his actions were a "cause-in-fact" of plaintiff's pain. ECF No. 24 at 7. This argument is unpersuasive and is similarly unsupported by any identified legal authority. "Conduct is a factual cause of harm when the harm would not have occurred absent the conduct." Restatement (Third) of Torts § 26 (2010). Had Harf provided plaintiff pain medication in the recovery room, when plaintiff requested them, plaintiff might not have been in severe pain. Plaintiff has accordingly pled factual causation.

Finally, defendant Harf argues that he is not liable for professional negligence under California law because Bick's instruction—or CDCR policy—limited his legal duty to provide pain medication to plaintiff. ECF No. 24 at 8. Where a plaintiff alleges sufficient facts to state a § 1983 claim of deliberate indifference, it follows that they have also sufficiently pled a negligence cause of action. *See Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062,

1081-82 (9th Cir. 2013) (holding that the bar for a deliberate indifference claim is significantly higher than that for a negligence claim), *accord Est. of Silva v. City of San Diego*, No. 3:18-CV-2282-L-MSB, 2020 WL 6946011, at *21 (S.D. Cal. Nov. 25, 2020).

To be sure, plaintiff's allegations suggest inconsistencies between the statements of defendants Bick, Harf, and Saukhla as to their understanding of the policy, instruction, or individual responsibility that led to plaintiff's extreme pain. For instance, Bick did not acknowledge the policy in his response to plaintiff's grievance, instead simply stating that "the surgeon did not order any pain medication." ECF No. 1 at 6. Ostensibly, Harf hopes that the court will infer from these allegations that the prescription of any pain medication was beyond the scope of his duty of care. But he has cited no legal authority to support this inference and, in any case, drawing such an inference in defendant's favor is inappropriate at this juncture. *See Manzarek v. St. Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (In deciding a motion under Rule 12(b)(6), the court must "construe the pleadings in the light most favorable to the non-moving party."). Plaintiff's allegations therefore state both an Eighth Amendment and professional negligence claim against defendant Harf.

Accordingly, it is RECOMMENDED that defendant Harf's motion to dismiss, ECF No. 24, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   April 27, 2022                                   /s/ Jeremy Peterson
                                                         JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE